**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Lilianne Guilarte Vinent,
Petitioner
-vs-
Eric Rokosky, et al.,
Respondents.

CV-26-6778-PHX-JFM

**ORDER**

Under consideration is Petitioner's Petition for Writ of Habeas Corpus filed September 22, 2026 (Doc. 1).

**Background** – The facts of this case are not in substantial dispute. Petitioner is a native and citizen of Cuba who entered the United States in November, 2021. She was detained shortly thereafter, and charged with being removable. On December 9, 2021 Petitioner was released from custody with reporting requirements. In November, 2022 Petitioner was ordered removed. No appeal was filed and the Order became final on December 4, 2022. However, no action was taken by immigration officials to detain Petitioner or effectuate the removal. On April 29, 2025, Petitioner married a United States Citizen, and was issued documentation to work and a Social Security number. On December 29, 2025, Petitioner's husband filed an Alien Relative Petition (Form I-130), but no Form I-485 Application for Adjustment of Status has been filed.

On August 3 2026, Petitioner was detained during an interview with immigration officials on her husband's Alien Relative Petition. Petitioner has been detained since without a custody determination.

**Briefs** – In her Petition (Doc. 1) Petitioner argues that: (1) her re-detention without any pre-deprivation hearing is a violation of due process; and (2) Petitioner's detention is not reasonably foreseeable, and thus her detention is a violation of substantive due

process.[1]

Respondents filed their Answer on October 1, 2018, arguing that Petitioner's "removal period" under 8 U.S.C. § 1231 has expired, but immigration officials may continue to detain an immigrant thereafter, subject to the restriction adopted in *Zadvydas v. Davis*, 533 U.S. 678 (2001) that detention of more than six months requires a showing by the government that removal remains foreseeable. Respondents argue that Petitioner's removal in the reasonably foreseeable future remains a significant likelihood because immigration officials are taking active steps to effect Petitioner's removal, and have only been doing so since August 3, 2026.

Petitioner has not replied.

**Petitioner's Detention is Neither Prolonged nor Indefinite** – Petitioner asserts her detention is a violation of substantive due process under *Zadvydas*. But *Zadvydas* was concerned with prolonged and indefinite detention. Under *Zadvydas*, detention is not considered prolonged, at the earliest, until the alien has been detained for 90 days after the conclusion of the removal period. Petitioner, who has only been detained since August 3, 2026, will not reach that mark until at least November 2, 2026. Petitioner's *Zadvydas* claim is premature.

**No Pre-Detention Hearing Required** – Petitioner argues that she was entitled to a hearing before she was redetained to execute her final order of removal. Respondents do not address this contention.

Petitioner asserts that absent a change in circumstances, she was entitled to a hearing before being redetained. *See Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981). But here, Petitioner's release occurred in 2021. Her removal order was issued in 2022. The issuance of that order was a significant, intervening, change in circumstances, and automatically subjected Petitioner to detention under § 1231. That the government

[1] Petitioner's Petition requests a Temporary Restraining Order. This is a violation of General Order 26-09, ¶ 4. Accordingly, this request is not addressed as a motion for temporary relief.

delayed in subjecting Petitioner to immediate re-detention did not defeat that change.

Petitioner points to her intervening marriage and the passage of time as a basis to find her entitled to a pre-deprivation hearing. But Petitioner does not suggest she entered into the marriage nor that she continued to remain in the United States unaware that she had a final order of removal pending.

Applying the criteria under *Mathews v. Eldridge*, 424 U.S. 319 (1976) (balancing individual's liberty interest, risk of erroneous deprivation, and government's interests), the Court finds no right to a pre-deprivation hearing. Here, Petitioner's liberty interest in remaining free is at best tenuous. She accepted a release in the country knowing that removal proceedings were continuing, and remained voluntarily after a removal order was entered and became final. Petitioner points to her intervening marriage and the passage of time as a basis to find her entitled to a pre-deprivation hearing. But Petitioner does not suggest she entered into the marriage nor that she continued to remain in the United States unaware that she had a final order of removal pending. Petitioner is not an alien who has been living with the hope of remaining. Her right to remain has already, long ago, been adjudicated.

Here, the risk of erroneous deprivation is limited. Petitioner's right to remain in the United States has been finally terminated, and at least until such time as the Government's ability to execute removal has been established, Petitioner is subject to automatic detention without consideration of the traditional considerations of flight risk or danger to society. *Cf. Palencia v. Hermosillo*, 2026 WL 125141, at *7 (W.D. Wash. Jan. 16, 2026) (finding risk of erroneous deprivation where alien ordered removed had been granted deferred removal).

Finally, the Government's interest in detaining Petitioner to execute her final order of removal without a pre-deprivation hearing remains substantial, particularly when considered in light of the limited possible justifications for Petitioner to avoid detention.

**IT IS THEREFORE ORDERED:**

(A) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

(B) All pending motions are **DENIED**.

(C) The Clerk must enter **JUDGMENT** in favor of Respondents, and **CLOSE** this case.

Dated: October 26, 2026

26-6778-001o Order 26 10 22 on Petition for Writ of Habeas Corpus.docx

James F. Metcalf
United States Magistrate Judge